UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARETHA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2878 JMB |
| | ) |
| AMEREN U.E., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. For the reasons stated below, plaintiff will be required to file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order.

**Background**

Plaintiff, a former employee of Ameren U.E., brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, ("ADA"). Named as defendants are Ameren U.E. ("Ameren"), Diana Dewitt (plaintiff's supervisor), Ed Willhite (plaintiff's manager), and Steven Manasco (untitled employee). Plaintiff alleges she was diagnosed with epilepsy in 2005, and her epilepsy "may have been the cause of the actions that led to my termination."

Plaintiff states that her behavior at work began to change and become erratic after her epilepsy diagnosis. She states she would sometimes stare into space, burst into laughter, pass out, or have seizures. On one occasion she took off her clothing during a seizure and had to

have a coworker monitor her in the restroom until she regained consciousness. She states that she did not always lose consciousness, but always lost her memory of these events.

Plaintiff states that on April 5, 2014, her supervisor Ms. Dewitt filed assault charges against plaintiff with the St. Louis Police Department. Ms. DeWitt stated that plaintiff attempted to run her over in the parking lot of Ameren. Plaintiff states that the assault charges were cleared, but "Ameren won their arbitration against the Union." Although it is unclear from her complaint, plaintiff appears to have been terminated two years after this incident.

Plaintiff alleges Ms. Dewitt and Ameren were fully aware of her epilepsy, but "did not consider it in this case of erratic behavior they accused me of."

## Legal Standard

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

To establish discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209,

1216 (8th Cir. 2013). The Court finds that because plaintiff has not alleged a causal connection between her disability and her termination, she has not alleged sufficient facts to state a plausible claim of disability discrimination under the ADA.

Although plaintiff's termination is an adverse action, plaintiff has not alleged a causal connection between her disability and her termination. She alleges, instead, that her epilepsy "may have caused her" to act erratically and attempt to injure her supervisor. She states specifically, that Ameren "did *not* consider [her disability] in the case of her erratic behavior." (Compl. at 6.5) (emphasis added). Moreover, the alleged assault occurred on April 5, 2014, but plaintiff alleges her discrimination occurred on April 28, 2016. The Court cannot find any temporal connection between the two events. Plaintiff has not alleged that she was discriminated against or terminated because of her disability, which is essential to state a claim under the ADA. *See EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963 (8th Cir. 2014) (finding no causal connection between plaintiff's disability and his discrimination).

Additionally, plaintiff's claims against the individual defendants, Diana Dewitt, Ed Willhite, and Steve Manasco, are subject to dismissal. There is no individual liability for supervisors under Title I of the ADA. *See Walsh v. Nevada Dept. of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *Davis v. Kimbel Mech. Sys., Inc.*, 2016 WL 8737495 *2 (W.D. Ark. Sept. 16, 2016). As a result, plaintiff's claims against the individual defendants in this action fail to state a claim upon which relief can be granted under the ADA.

Because plaintiff is proceeding pro se, however, the Court will provide plaintiff an opportunity to amend her allegations. Accordingly, plaintiff will be required to file an amended complaint to state specifically the causal link between her disability and her termination.

Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file her amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original and any supplemental complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file her amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a blank form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 29th day of December, 2017.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE