UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARETHA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2878 JMB |
| | ) | |
| AMEREN U.E., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's pro se amended complaint. For the following reasons, the Court will allow plaintiff to file another amended complaint on a Court-provided form for an Employment Discrimination Complaint. *See* Local Rule 2.06(A) ("All actions brought by pro se plaintiffs . . . should be filed on Court-provided forms where applicable.").

**Background**

On December 14, 2017, plaintiff filed her original complaint, alleging she was discriminated against under the American with Disabilities Act of 1990 ("ADA") on the basis of disability. Plaintiff filed her complaint on a Court-provided form. Upon initial review under § 1915(e), the Court found that because plaintiff had not alleged a causal connection between her disability and her termination, she had not alleged sufficient facts to state a plausible claim of disability discrimination under the ADA. *See* ECF No. 5. The Court did not dismiss plaintiff's case under § 1915(e), but rather provided plaintiff with another Court form for an employment discrimination complaint, and asked her to amend her complaint using this form, and to allege a

causal connection between her disability and her termination. On January 17, 2018, plaintiff submitted an amended complaint.

## Legal Standard

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the amended complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## Discussion

Plaintiff did not submit her amended complaint on the Court-provided form for an employment discrimination complaint. Instead, plaintiff submitted a typewritten paragraph describing her damages and suffering arising out of the "disparate treatment [she] endured at Ameren." Plaintiff does not allege which federal law she claims was violated, and because her amended complaint replaces the original, the Court cannot assume plaintiff is bringing her claims under the ADA. Furthermore, the amended complaint does not contain a case caption, so the Court does not know which defendants plaintiff seeks to sue.

Attached to this amended complaint is a Memorandum for Clerk, which includes five additional pages of typewritten allegations against Ameren and several Ameren employees.

Some of these allegations date back to 2003. Some of these allegations involve racial discrimination, which plaintiff did not plead in her original complaint. Plaintiff states she was terminated on April 12, 2017, but does not state why she was terminated. The last event involving her disability occurred on April 5, 2016, which was more than a year prior to her termination.[1] The last event involving alleged racial discrimination occurred on February 9, 2016, again more than a year prior to her termination. Importantly, the Court has no information from which it could reasonably infer that plaintiff was terminated based on disability or racial discrimination.

To establish disability discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). To establish a case of racial discrimination under Title VII of the Civil Rights Act of 1964, plaintiff must show (1) she is a member of a protected class, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *See Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012). The Court finds that because plaintiff has not alleged any causal connection between her disability and her termination, and has not alleged an adverse employment action under circumstances giving rise to an inference of racial discrimination, she has not alleged sufficient facts to state a plausible claim of discrimination under the ADA or Title VII.

Because plaintiff is proceeding pro se, the Court will provide her another opportunity to amend her allegations. Plaintiff will be required to file her amended complaint on the

---

[1] In her original complaint, plaintiff alleged this incident occurred on April 5, 2014.

Court-provided form for an Employment Discrimination Complaint. She shall attach to this form Employment Discrimination Complaint (1) a copy of her Charge of Discrimination filed with the EEOC, and (2) a copy of her Right-to-Sue letter received from the EEOC.

In the section of the form asking plaintiff to state "the essential facts of [her] claim," plaintiff shall describe specifically why she believes she was discriminated against (for example: race, disability, etc.), and what adverse employment action she suffered because of this discrimination (for example: firing, demotion, poor evaluation, etc.). Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file her amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original and amended complaints she has previously filed, and claims that are not re-alleged are deemed abandoned. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file her amended complaint within twenty-one (21) days on the Court-provided form for an Employment Discrimination Complaint, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff a blank form entitled Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within twenty-one (21) days of the date of this Memorandum and Order. Plaintiff is advised that her amended complaint will take the place of her original and amended complaints and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 1st day of February, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE