UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARETHA WILLIAMS THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2878 JMB |
| | ) | |
| AMEREN U.E., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of pro se plaintiff's second amended complaint under 28 U.S.C. § 1915(e)(2). For the following reasons, the Court will dismiss without prejudice plaintiff's claims against the individual defendants and will order process to issue on defendant Ameren U.E.

**Background**

On December 14, 2017, plaintiff filed her original complaint, alleging she was discriminated against under the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), on the basis of disability. Upon initial review under § 1915(e), the Court granted plaintiff's motion to proceed in forma pauperis. The Court found, however, that because plaintiff had not alleged a causal connection between her disability and her termination, she had not alleged sufficient facts to state a plausible claim of disability discrimination under the ADA. *See* ECF No. 5. The Court ordered her to amend her complaint.

On January 17, 2018, plaintiff submitted an amended complaint. The Court found the amended complaint was subject to dismissal because plaintiff did not list the defendants she sought to sue or the federal law she alleged was violated. *See* ECF No. 8. Again, the Court

ordered plaintiff to amend her complaint. On February 22, 2018, plaintiff submitted her second amended complaint on the Court-provided form.

**Legal Standard**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the second amended complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Discussion**

Plaintiff brings her second amended complaint under the ADA, naming as defendants Ameren U.E., Diana Dewitt, Ed Willhite, and Steven Manasco. Plaintiff alleges she worked for defendant Ameren U.E. for twenty-eight years. She states she was discriminated against because of her mental disability and was subjected to continual harassment between January 2013 and April 2016. Plaintiff lists several incidents of discriminatory conduct between 2006 and 2016, including her eventual termination on April 12, 2016. Plaintiff has submitted with her second amended complaint her EEOC amended charge of discrimination and the EEOC's right-to-sue letter. Plaintiff has timely filed this case.

To establish disability discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has

-2-

suffered an adverse employment action because of her disability.  *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).   Having carefully reviewed and liberally construed plaintiff's second amended complaint, the Court finds plaintiff has stated a plausible claim against defendant Ameren U.E. under the ADA, and will order the Clerk to issue process on the complaint.

Although plaintiff has stated a plausible claim against defendant Ameren U.E., plaintiff's claims against the individual defendants are subject to dismissal.  There is no individual liability for supervisors under Title I of the ADA.  *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *Davis v. Kimbel Mech. Sys., Inc.*, 2106 WL 8737495 *2 (W.D. Ark. Sept. 16, 2016).  As a result, defendants Diana Dewitt, Ed Willhite, and Steven Manasco cannot be held personally liable for violations of the ADA, and the Court will dismiss these defendants from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue on plaintiff's second amended complaint as to defendant Ameren U.E.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue as to defendants Diana Dewitt, Ed Willhite, and Steven Manasco because, as to these individuals, the second amended complaint fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this   5th    day of March, 2018.

 /s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE