UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARETHA THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:17-cv-02878-SNLJ |
| AMEREN U.E., et al., | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant Ameren U.E.'s motion to dismiss (#16) under Rule 12(b)(6). Plaintiff did not file a memorandum in opposition, and the time for doing so has passed.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, brings this case against Ameren under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*., ("ADA") alleging Ameren discriminated against her on the basis of her disability. Plaintiff does not describe her disability other than to say it is "mental" in nature. She alleges Ameren discriminated against her claiming wrongful termination, a failure to promote, a failure to accommodate, retaliation, and harassment. The allegations supporting these wrongful actions by Ameren are less than clear. Plaintiff mentions everything from a violation of her HIPAA rights, to perjury, to an unfair evaluation; she also explains that she was terminated shortly after being accused of attempting to run over another co-worker in the employee parking lot.

1

Although plaintiff brings her lawsuit under the ADA, in her charge of discrimination to the EEOC, plaintiff stated "I believe I was discharged due to my gender, African American, and in retaliation for opposing discrimination." (#9, p. 11). On the charge of discrimination form, plaintiff checked the boxes for "race," "retaliation," and "disability." However, disability—whether mental or physical—was never mentioned beyond the checking of the box. Plaintiff did not set forth any substantive allegations regarding alleged disability discrimination. In a right-to-sue letter issued to plaintiff, the EEOC simply adopted the findings of the state agency that investigated the charge.

## II. DISCUSSION

Plaintiffs are required to exhaust administrative remedies before filing ADA claims by first filing a charge of discrimination with the EEOC. *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 919 (8th Cir. 2018) (citing 42 U.S.C. § 12117(a)). Defendant contends that plaintiff did not exhaust her ADA claim because, although she checked a box labeled "disability" on her form, she made no substantive allegations about any such discrimination. Thus, the Court must determine whether the underlying administrative agency was sufficiently notified of plaintiff's claims so as to provide it an opportunity to investigate alleged discrimination. *See Cooper v. Xerox Corp*., 994 F. Supp. 429, 436 (W.D.N.Y. 1998); *see also Moses*, 894 F.3d at 920 (8th Cir. 2018). "It is well-settled that merely checking a box, or failing to check a box, does not necessarily control the scope of the charge. The more critical analysis is whether there is

any explanation or description supporting a particular claim." *Cooper*, 994 F. Supp. at 436.

It is clear from the records provided by plaintiff that she never administratively pursued her ADA claim beyond checking a box labeled "disability." Therefore, because plaintiff merely checked a box and did not substantively explain her alleged claim of disability discrimination, plaintiff did not exhaust her administrative remedies as to her ADA claim. *See, e.g.*, *Bartlette v. Hyatt Regency,* 208 F.Supp.3d 311, 327 (D.D.C. 2016) (concluding plaintiff failed to exhaust where, though plaintiff checked box for retaliation, there were no allegations in the charge explaining that employer retaliated); *Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F.Supp.2d 712, 737 (S.D.N.Y. 2011) (concluding plaintiff failed to exhaust where, though plaintiff checked box for "religion," his EEOC charge lacked "any substantive allegations that would have alerted the EEOC that he was pursuing a religious discrimination claim"); *Mallory v. Express Employment Professionals*, No. 12–1645 (DWF/JJK), 2012 WL 6194404 at *8 (D. Minn. Nov. 19, 2012) (accord).

Plaintiff failed to exhaust her administrative remedies and, in doing so, failed to fully satisfy the prerequisites to filing suit in this Court. Therefore, the Court will dismiss plaintiff's complaint without prejudice under Rule 12(b)(6) for failure to state a claim. *See Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) ("dismissal is appropriate [under rule 12(b)(6)] if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations").

## III. CONCLUSION

For the reasons set forth,

**IT IS HEREBY ORDERED** that defendant Ameren U.E.'s motion to dismiss (#16) is **GRANTED** .

So ordered this  __18th__  day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE